UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MANUEL E. RIVAS,

    Plaintiff,

v.

RAS LAVRAR, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent a letter into this District and filed a state court suit against Plaintiff in this District.

## PARTIES

3. Plaintiff, MANUEL E. RIVAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, RAS LAVRAR, LLC, ("RAS") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 100, 6409 Congress Avenue, Boca Raton, FL 33487.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic limited liability company. Its registered agent for service of process is David J. Schneid, Suite 100, 6409 Congress Avenue, Boca Raton, FL 33487.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts due to other parties.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes.

9. Plaintiff received a credit card with TD Bank, USA, N. A. ("TD Bank") known as the Target card or Red card.

10. By the terms of the agreement with TD Bank, the credit card could only be used to make purchases and only from Target.

11. Plaintiff failed to make payments required by his agreement with TD Bank.

12. Plaintiff's alleged debt went into default.

13. After the alleged debt went into default, TD Bank retained Defendant for purpose of collecting the alleged debt.

14. On or about June 24, 2017, Defendant sent Plaintiff a letter seeking to collect the alleged debt, the "collection letter" or "letter", attached as Exhibit "A".

15. The letter makes two representations as to the amount of the alleged debt:

Current Balance: $2923.24

and

The amount of the debt: $2923.24 as of the date of this letter.

16. The foregoing representations imply that the debt may increase in the future due to the addition of interest or late fees.

17. TD Bank, however, had a policy of ceasing interest and late fees and not attempting to collect either on defaulted debts.

18. At the time Defendant sent its letter, TD Bank was no longer adding interest or late fees to the account.

19. Defendant falsely and deceptively represented that the amount of the debt may increase when it could not.

20. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

21. Defendant's representation that the debt may increase is a material misrepresentation as concern that the debt might increase could prompt the least sophisticated consumer to pay the debt to avoid additional interest when in reality the debt would never increase.

22. On or about October 10, 2017, Defendant filed suit against Plaintiff in state court in Broward County, Florida seeking to collect the alleged debt. See Complaint, attached as Exhibit "B".

23. Defendant did not request pre-judgment interest in the state court compliant.

24.     TD Bank has a policy of not seeking pre-judgment interest or late fees as evinced by the affidavits it has filed in numerous state court cases in Broward County in which Defendant represented TD Bank with respect to the bank's Target credit card program.

25.     The state court complaint alleges:

> 1. The Defendant made purchases of various and diverse consumer goods and/or effected cash advances through the use of his credit account obtained from the Plaintiff on account number XXXXXXXXXX3536.

26.     Plaintiff did not use the credit card to make cash advances.

27.     Defendant falsely represented the character of the alleged debt by stating the alleged balance consisted of cash advances when it did not.

28.     A cash advance balance when no advances were made is material to the least sophisticated consumer's consideration of whether the alleged amount is valid, due and owing.

## COUNT I
## MISLEADING REPRESENTATION OF THE AMOUNT OF THE ALLEGED DEBT

29.     Plaintiff incorporates Paragraphs 1 through 28.

30.     Defendant falsely, deceptively and misleadingly represented the amount of the alleged debt in the collection letter in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF THE CHARACTER OF THE ALLEGED DEBT

31.    Plaintiff incorporates Paragraphs 1 through 28.

32.    Defendant falsely represented the character of the alleged debt as including cash advances, when it did not, in the state court complaint in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                    DONALD A. YARBROUGH, ESQ.
                    Attorney for Plaintiff
                    Post Office Box 11842
                    Ft. Lauderdale, FL 33339
                    Telephone: 954-537-2000
                    Facsimile: 954-566-2235
                    don@donyarbrough.com

           By: s/ Donald A. Yarbrough
                Donald A. Yarbrough, Esq.
                Florida Bar No. 0158658